**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MICHAEL KELLEY,<br>Plaintiff,<br><br>v.<br><br>YIMBY, INC.,<br><br>Defendant, | ) | Case No.: |

## COMPLAINT AND JURY DEMAND

The plaintiff Michael Kelley ("Plaintiff"), by his undersigned attorney, R. Terry Parker, Esq., for his Complaint against the defendant YIMBY, Inc., ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff is a professional photographer with a principal place of business at 1129 Maricopa Hwy, B149, Ojai, California, 93023.

3. Upon information and belief, Defendant is a and doing business at 228 Park Avenue South, Suite 60744, New York, New York.

### JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has

jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**A. Plaintiff's Business**

7. Plaintiff is a celebrated professional photographer who specializes in architectural photography.

8. Plaintiff is the sole author of three photographic works at issue in this litigation, copies of which are depicted here ("Copyrighted Works"):








9. The copyrights in the Copyrighted Works have been registered with the United States Copyright Office, Reg. No. VA 2-159-689.

10. The Copyrighted Works are original works of authorship.

11. Plaintiff is the owner of the copyrights in and to the Copyrighted Works.

**B. Defendant's Unlawful Activities**

12. Defendant is a privately held digital media and news publishing company founded in 2011. The company operates a niche network of hyper-focused real estate and urban development websites, with a pro-growth, "Yes In My Back Yard" editorial perspective. It

structures its operational footprint across regional digital publications and targeted premium real estate tracking tools, like Florida YIMBY, which highlights high-rise residential towers, master-planned communities, and luxury hotel blueprints cropping up across Miami and key Florida markets.

13. Defendant reportedly generates revenue through a hybrid business model that combines B2B digital advertising, premium data subscriptions, and enterprise software services tailored specifically to the real estate, construction, and architectural industries.

14. Earlier this year, Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Works. Specifically, Plaintiff discovered the Copyrighted Works being reproduced, distributed, used in the creation of derivative works, and publicly displayed, without Plaintiff's authorization at Defendant's website, copies of the screenshots of which are depicted here:






**URL:** https://floridayimby.com/2025/06/simon-acquires-full-ownership-of-brickell-city-centre-retail-and-parking-from-swire-properties-inc-for-512-million.html
**Screenshot Taken:** 2026-06-20 21:31 (Europe/Budapest) **Case ID:** CAS-135621 **URL ID:** UID-01085477 **IP Addresses:** Client "89.134.27.202" contacted server "floridayimby.com" at "208.113.201.57".




**URL:** https://floridayimby.com/2021/05/kar-properties-fortune-international-group-buy-out-remaining-reach-and-rise-residences-at-brickell-city-centre.html
**Screenshot Taken:** 2026-08-17 16:36 (Europe/Berlin) **Case ID:** CAS-135621 **URL ID:** UID-01085473 **IP Addresses:** Client "95.91.241.205" contacted server "floridayimby.com" at "208.113.201.57".

15. Upon information and belief, Defendant needed photographs of an architectural project in Miami in order to market and sell Defendant's good and services. Defendant then located the Copyrighted Works on the Internet and, without authorization from Plaintiff, downloaded the Copyrighted Works to computer systems owned or operated by Defendant, and then used the Copyrighted Works in the creation of webpages for the commercial purpose of selling Defendant's products and services, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Works.

16. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Works within the last three years.

17. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Works are without Plaintiff's authorization.

18. The purpose of Defendant for reproducing, distributing, publicly displaying, and creating an unauthorized derivative work from, the Copyrighted Works is commercial. Defendant used the Copyrighted Works to provide a visual work of art to build viewership for Defendant's website and promote its products services. Plaintiff's Copyrighted Works and Defendant's infringing copies of the Copyrighted Works share the same purpose: they are both works of visual art depicting contemporary architecture.

19. The reproduction, distribution, public display, and derivation of the Copyrighted Works are not for purposes of criticism. No criticism is offered.

20. The infringing use by Defendant of the Copyrighted Works does not add to the Copyrighted Works by creating new information, new aesthetics, new insights, and understandings of the Copyrighted Work.

21. The infringing use by Defendant of the Copyrighted Works has harmed, and continues to harm, the potential market for or value of the Copyrighted Works by robbing Plaintiff of his exclusive right to license the Copyrighted Works for illustrative and other purposes.

22. Defendant's infringement as alleged herein was willful. Defendant is a sophisticated media company that understands copyright law and the need to obtain a license to publish the copyrighted works of others. Defendant's infringement is willful in that Defendant is willfully blind to Plaintiff's exclusive copyrights. Defendant's infringement is willful in that

Defendant is a sophisticated media company that understands copyright law and the need to obtain a license to publish the copyrighted works of others.

**CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

23. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

24. The Copyrighted Works is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

25. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

26. Upon information and belief, as a result of Plaintiff's licensing and public display of the Copyrighted Works to others, Defendant had access to the Copyrighted Works prior to the creation of Defendant's infringing website.

27. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and publicly displaying the Copyrighted Works at the infringing website.

28. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

29. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

30. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall

be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

31. In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 for each Copyrighted Works with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

32. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each

instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 2, 2026

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036-742
Telephone: (212) 859-5068

Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*Michael Kelley*